CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/2/2025
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 6:07-cr-00017; and |
| v. ) | Criminal Action No. 6:13-cr-00018 |
| ) | |
| RISHI WAYNE ROBERTSON ) | By: Elizabeth K. Dillon |
| ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are two motions by Rishi Wayne Robertson filed by and through defense counsel: (1) motion for a reduced sentence pursuant to Section 404 of the First Step Act (Dkt. No. 78),[1] and (2) motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Dkt. No. 87; Case No. 6:13-cr-00018, Dkt. No. 42).[2] The government filed a response to each motion (Dkt. Nos. 84, 90), and Robertson submitted two replies. (Dkt. Nos. 85, 91.) In addition, supplemental evidence has been provided to the court in evaluating Robertson's motions. (Dkt. Nos. 83, 94, 97, 101.) The court has reviewed all related filings in the case. For the reasons stated below, Robertson's motion for a reduced sentence will be granted, and his revocation sentence in the 2007 case will be reduced to six months. To the extent that this renders him eligible for immediate release, the court will allow the Bureau of Prisons up to 72 hours to ensure a smooth transition and plan for his release. In light of the court's reduction in sentence, Robertson's motion for compassionate release will be denied as moot.

I. BACKGROUND

In the 2007 case, Robertson was sentenced in 2008 on his conviction for possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and

---

[1] Unless otherwise noted, docket citations are to the primary case, No. 6:07-cr-00017.

[2] Both motions were filed when the case was assigned to the sentencing judge. The case was subsequently assigned to the undersigned.

841(b)(1)(A)(iii). At sentencing, his guideline range was determined to be 70–87 months, and the court sentenced him to 72 months' incarceration. The court subsequently reduced his sentence twice, ultimately resulting in a final sentence of 48 months. (Dkt. Nos. 54, 58.) That sentence was above what his guideline range would be for his offense today (37–46 months, *see* PSR Addendum at 3, Dkt. No. 86), if the court applied all of the subsequent, retroactive guideline amendments. He was released from custody in January 2012 and began his five-year supervised release term.

On January 7, 2014, after Robertson pled guilty to a single count of distribution of cocaine in Case No. 6:13-cr-18, the court sentenced him to 151 months in custody, to be followed by a three-year term of supervised release.[3] At sentencing, the court determined that he qualified as a career offender, which resulted in a significant increase to both his offense level and his criminal history category. With the career offender designation, his guideline range was 151–188 months. Without it, his guideline range would have been just 21–27 months.

On the same date—and based on the same conduct underlying his 151-month sentence—the court found that Robertson had violated his supervised release term in the 2007 case. The court calculated the guideline range as 24–38 months, and varied downward, imposing a 12-month sentence for the violation, to be served consecutive to the 151-month sentence.

When Robertson filed his first motion seeking a reduced sentence, his estimated release date was November 6, 2026. The Bureau of Prisons now estimates that his release date is October 2, 2025.[4] Bureau of Prisons, www.bop.gov/inmateloc (search for Rishi Robertson, last visited July 1, 2025).

---

[3] That sentence was later reduced to 102 months. (Dkt. No. 38.)

[4] It appears that Robertson is currently housed in a residential reentry facility in Raleigh, North Carolina. *See* Bureau of Prisons, www.bop.gov/inmateloc (search for Rishi Robertson, last visited July 1, 2025).

## II.  DISCUSSION

**A.  Motion for Relief Under Section 404 of the First Step Act**

In his first motion, Robertson seeks relief pursuant to "the intersection of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), and the First Step Act," and he also relies on *United States v. Venable*, 943 F.3d 187 (4th Cir. 2019).  (Mot. 4–6, Dkt. No. 78.)  As relevant here, the Fair Sentencing Act reduced the penalties for specific cocaine-related offenses, by increasing from 28 grams to 280 grams the quantity of cocaine base required to trigger the statutory penalties for a Class A felony.  Then, in late 2018, Section 404 of the First Step Act went into effect.  This section allowed a defendant previously sentenced of a "covered offense," (which includes Robertson's offense in his 2007 case), to file a motion requesting that the court impose a reduced sentence as if "sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed." Pub. L. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

In *Venable*, the Fourth Circuit held that a district court could reduce a defendant's revocation sentence pursuant to Section 404 of the First Step Act where the district court imposed the original sentence under the pre-2010 sentencing guidelines and the defendant subsequently violated his supervised release conditions, even if the violation occurred after 2010. The court reasoned that the revocation sentence is considered part of the defendant's original sentence under the unitary sentencing framework.  *Venable*, 943 F.3d at 193–94.

Based on this authority, Robertson argues that he is eligible for a reduced sentence under Section 404 of the First Step Act.  He argues that, given his eligibility, the court must consider whether a reduction is appropriate under the 18 U.S.C. § 3553(a) factors.  In support of a reduction, he emphasizes his rehabilitation, including the fact that he did not receive a single disciplinary infraction while in prison (at least as of the date of his motion).  He also emphasizes

3

his history and background, including a traumatic incident as a teen, and his significant educational deficiencies and difficulties. (*See* First Step Act Mot. at 4, 6–8 & Ex. A, Dkt. Nos. 78 & 78-1.)

Robertson further points out that his guideline range today for the revocation sentence (because his original offense would not have been a Class A felony, after the Fair Sentencing Act) would be just 12–18 months, instead of the 24–30 month range that was calculated at his revocation hearing. Because the court sentenced him to 12 months below the bottom end of that guideline range, Robertson requests a commensurate variance and asks that the court reduce his revocation sentence from 12 months to 1 day.

He also argues that the court should consider the significant sentence he served for the same conduct as a result of the career offender guideline, which applied in the 2013 case. (Mot. at 9–10.) While he does not ask for a reduction in that sentence, he claims that there is a sentencing disparity between him and the average defendant with the career offender enhancement, because the average defendant with that enhancement received a sentence that was 70% of the guideline minimum. Mr. Robertson received the guideline minimum and served a lengthy sentence. He argues that the court could "partially mitigate that disparity" by reducing his revocation sentence. (*Id.* at 10.)

The United States agrees that Robertson in eligible for consideration of a reduction in sentence, and it agrees that the proper revised guideline range for his revocation sentence would be 12–18 months. It emphasizes, however, that he is serving a revocation sentence that was imposed to punish a breach of the court's trust. Based on that, it insists that a 12-month sentence is necessary to punish that breach of trust, and it urges the court to deny any reduction. (*See generally* Resp., Dkt. No. 84.)

The U.S. Probation Office ("USPO") has provided an Addendum dated December 9,

4

2020. (Dkt. No. 86.) It agrees with the parties that Robertson is eligible for a reduced sentence and that the new guideline range for the revocation would be 12–18 months. (*See id.* at 3.)

As the parties recognize and for the reasons ably explained by Robertson's motion, the court agrees that he is eligible for a reduced sentence under the First Step Act, and the court has authority to reduce his sentence. The question is whether the court should exercise that authority. *See Venable*, 943 F.3d at 194 (emphasizing that the authority to resentence a defendant does not mean that a court must give a reduction). In determining the appropriate sentence to impose for a revocation, the court must consider certain of the § 3553(a) factors.[5]

The court agrees with the United States that a violation of a supervised release term is a breach of trust that must be separately punished. And it agrees with the United States that a one-day sentence would fail to account fully for the breach of the court's trust, which is inherent in the offense.

At the same time, the court recognizes that the original sentencing judge imposed a sentence twelve months below the bottom of the guideline range. Instead of reducing Robertson's sentence by a full twelve months, then, the court will reduce the bottom end of the guidelines by half, which is also consistent with what the sentencing judge did. That is, he imposed a sentence (12 months) that was half of the bottom end of the guideline range (24 months). The court finds a similar reduction is appropriate here and will therefore reduce Robertson's revocation sentence in Case No. 6:07-cr-00017 to half (6 months) of the bottom end of the revised guideline range (12 months). This modest, 6-month reduction from the original sentence still requires a 6-month sentence.

---

[5] The Supreme Court recently has clarified that a district court imposing a revocation sentence may not consider certain § 3553(a) factors, including those set forth in § 3553(a)(2)(A), which is "the need for the sentence imposed" "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Esteras v. United States*, 606 U.S. __, 2025 WL 1716137, at *3 (June 20, 2025). Essentially, the court may not consider the "backward looking-purpose of retribution." *Id.* at *7.

In concluding that this is an appropriate sentence, the court gives great weight to Robertson's history and characteristics. On the negative side, Robertson's latest Presentence Investigation Report (Dkt. No. 6:13cr18, Dkt. No. 47) reflects a significant criminal history (especially in his teens and early 20s), and some of his offenses involved firearms. Additionally, when officers attempted to pull him over to arrest him for the original offense leading to the 2007 case, he attempted to elude by driving at high speeds through a rural residential area, and this included swerving to miss a school bus which had stopped to unload children. (PSR ¶¶ 23–24.) Obviously, these acts, as well as his actions in distributing crack cocaine and cocaine, are dangerous actions that could harm others.

The court also notes, however, that Robertson suffered a traumatic experience as a young teen, when he was robbed at gunpoint, and that he suffered from learning disabilities and a low IQ, received special education throughout school, and did not graduate nor receive a GED at any point before the 2013 Case. He also has struggled with substance abuse since his teens. Significantly, moreover, the court believes he has shown excellent rehabilitation efforts while in prison, which included an unblemished disciplinary record throughout his service of a lengthy sentence. (Mot. Ex. A, Dkt. No. 78-1; *see also* Dkt. No. 101 (April 2022 letter from Robinson to the court continuing to assert that he has received no disciplinary infractions and discussing the many courses he has taken, including residential drug treatment, and the trade skills he has learned while incarcerated). Also in his favor is the fact that the offenses in both the 2007 and 2013 cases did not involve large quantities of drugs, so the nature of those offenses, while serious, are not among the most serious the court typically encounters.

Because Robertson has less than six months to serve before his projected release date of October 2025, however, the court takes the added precaution of imposing a sentence of six months, *but not less than time served.* If the court were to sentence him expressly to 6 months,

he might be allowed to "bank time" with the Bureau of Prisons, which the court believes is inappropriate. *Cf. Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971) ("[T]he availability of credits against sentences for future crimes would provide a sense of immunity and an incentive to engage in criminal conduct."). Including the language "but not less than time served" will prevent any inappropriate credit.

For all of these reasons and having considered the permissible sentencing factors of 18 U.S.C. § 3553(a), the court will reduce Robertson's revocation sentence to a sentence of 6 months, but not less than time served.

**B. Motion for Compassionate Release**

As noted, Robertson also has filed a motion for compassionate release, based primarily on the potential harms of the COVID-19 virus, coupled with his medical condition, including obesity. Because it appears that Robertson's sentence in the 2013 case already has been served, and in light of the court's reduction under the First Step Act—coupled with the fact that it appears he has less than six months to serve on his sentence—the court will deny his motion for compassionate release as moot. *United States v. Banks-Davis*, No. 21-6550, 2021 WL 4936206, at *1 (4th Cir. Oct. 22, 2021) (citing *United States v. Chestnut*, 989 F.3d 222, 224–25 (2d Cir. 2021), which held that a motion for compassionate release based on health risks posed by COVID-19 is moot upon the prisoner's release); *see also United States v. Jackson*, No. 22-7140, 2023 U.S. App. LEXIS 19100, 2023 WL 4758733, at *1 (4th Cir. July 26, 2023) ("Because Jackson has already served his term of imprisonment, there is no longer a live controversy regarding the orders denying his motions for compassionate release and for reconsideration.").

III.  CONCLUSION AND ORDER

For the reasons set forth herein, it is hereby ORDERED that:

1. The defendant's motion for reduction of sentence pursuant to the First Step Act of 2018 (Dkt. No. 78) is GRANTED;

2. The defendant's term of imprisonment, from the judgment in Case No. 6:07-cr-00017 imposed on January 7, 2014, is REDUCED to 6 months, but not less than time served, and all other terms of the defendant's January 7, 2014 revocation sentence shall remain the same;

3. The defendant shall be released as soon as possible but no later than 72 hours from the entry of this order; and

4. The defendant shall contact the U.S. Probation Office within the time required by the terms of his supervised release and strictly follow his assigned Probation Officer's instructions for reporting.[6]

It is further ORDERED that defendant's motion for a reduction in sentence or for compassionate release (Dkt. No. 87; Case No. 6:13-cr-00018, Dkt. No. 42) is DENIED AS MOOT.

The clerk is directed to provide copies of this order and the memorandum opinion to the defendant, all counsel of record, the United States Marshals Service, and the United States Probation Office.

Entered: July 2, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

---

[6] Robertson's revocation sentence in the 2007 case does not include an additional term of supervised release, but he still must serve a three-year term of supervised release imposed in the 2013 case.